[No. 6122.]

### FITCH v. THE PEOPLE.

1. **Criminal Law—Abortion—Evidence**—Under § 1209, Mills' Stats., the prosecution is not required to show that the acts of the accused were not necessary to save the life, or to prevent serious bodily injury, nor that what was done by the accused was not done under the advice of a physician.—(300)

2. **Indictment — Statutory Exceptions** — The statute pronouncing the procuring of an abortion upon the body of a pregnant woman added the proviso: "unless it appear that such miscarriage was produced under the advice of a physician, with intent to save the life of such woman, or prevent serious and bodily injury to her." These exceptions need not be negatived in the indictment.—(300)

3. **Instructions—Not Based Upon Evidence**—An instruction upon a theory not supported by the evidence should not be given.—(301)

*Error to Denver District Court*—Hon. FRANK T. JOHNSON, Judge.

Mr. JOHN A. DEWEESE, Mr. C. W. COYKUENDALL, Mr. O. N. HILTON, Mr. GEORGE P. STEELE, and Mr. JOHN T. BOTTOM, for plaintiff in error.

Hon. WILLIAM H. DIXON, attorney general, Mr. GEORGE D. TALBOT, assistant attorney general, Mr. GEORGE STIDGER, district attorney, and Mr. H. S. SILVERSTEIN, deputy district attorney, for defendant in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The plaintiff in error, having been convicted and sentenced to a term in the penitentiary for a violation of section 1209, Mills' Ann. Stats., asks a review of the judgment by this court, relying upon the alleged errors of the trial court in refusing to give certain proposed instructions, and in giving certain instructions to which she had excepted.

Counsel, in his brief, says: "The only errors complained of seriously, and which will be urged upon this court, are contained in the sixth and seventh assignments." These assignments relate wholly to the instructions offered and refused, and given.

Instruction No. 1, offered by the defendant, is as follows:

"You are instructed that, before you can find the defendant guilty, you must find beyond a reasonable doubt: First, that the woman, Stella Reed, was with child; second, that some instrument was used upon her with the intention of procuring a miscarriage of the woman, Stella Reed, and that the use of such instrument was not necessary to save her life, and was not necessary to prevent serious and bodily injury, and was not done under the advice of a physician or surgeon, and that the defendant was the person who occasioned such miscarriage, if any was had."

Instruction No. 6, offered by the defendant, is as follows:

"You are instructed that the defendant is entitled to every presumption of innocence compatible with the evidence in the case, and if it is possible to account for the miscarriage of the woman, Stella Reed, upon any reasonable hypothesis other than

that of the guilt of the defendant, then it is your duty to so account for it. And if you find from the evidence that, if there is any other reasonable hypothesis arising out of the evidence given in this case, except that the defendant committed the abortion in manner and form as charged in the information, then the defendant is entitled to such hypothesis, and you should find her not guilty."

We think no error was committed by the court in refusing these instructions. It is not incumbent upon the state to prove beyond a reasonable doubt, or at all, that "the use of the instrument was not necessary to save life"; that it was not used "to prevent serious and bodily injury"; or "was not done under the advice of a physician or surgeon." The statute provides that: "Every person who shall use, or cause to be used, any instrument of whatsoever kind, with the intention to procure the miscarriage of any woman then being with child, and shall thereof be duly convicted, shall be imprisoned for a term not exceeding three years in the penitentiary, and fined in a sum not exceeding one thousand dollars, * * * unless it appear that such miscarriage was procured or attempted by or under the advice of a physician or surgeon, with intent to save the life of such woman or to prevent serious and permanent bodily injury to her."

This section was under consideration by this court in the case of *Johnson v. The People,* reported at page 224, vol. 33 of the Colorado Reports, and it was there held: "We think that, even under the general rule above announced, the exceptions contained in our statute are matters of defense, which must be made to appear by the defendant from the evidence, and need not be negatived in the indictment, or the negative proved by the prosecution."

Instruction No. 6, offered and refused, does not correctly state the law. The crime is complete when the instrument is used with the intention of procuring a miscarriage. Whether miscarriage does or does not follow is immaterial. The instruction offered appears to have been drawn upon the theory that the woman may have miscarried by reason of her own acts, in the taking of drugs, or the use of an instrument, and that proof in support of such theory would warrant the acquittal of the defendant; but such is not the law.

Although many of the instructions to which exceptions have been saved are objectionable, they do not prejudice the defendant, and are more favorable to her than they should have been. The defendant offered no justification for having used an instrument with the intention of procuring a miscarriage, and no instruction upon that theory should have been given. She denied that she had used any instrument that could have produced a miscarriage. She testified that she used only a speculum, and that that instrument was used only for the purpose of making an examination, and that its use could not have produced a miscarriage. The only question presented to the jury by her plea of not guilty, and all the testimony in the case was: Did she, or did she not, use an instrument with the intention of procuring a miscarriage? not, Did she, or did she not, use an instrument with the intention of procuring a miscarriage, under the advice of a physician, to save life or to prevent serious or permanent bodily injury? Therefore, even though the instructions apparently cast upon her the burden of proving facts in justification, there was no error, because, under the testimony, no such question should have been submitted to the jury. The burden of proving the facts necessary to conviction devolve upon the state; and if, from all

the evidence, a reasonable doubt exists in the minds of the jurors as to the guilt of the accused, he must be acquitted. Yet, in a case where justification is not relied upon as a defense, the defendant is not harmed by an instruction which casts upon him the burden of proving facts in justification.

The court correctly charged the jury in all matters within the issues raised. The law has wisely provided that but one fact can justify the procuring of, or attempt to procure, a miscarriage—that is, that the act is done by or under the advice of a physician or surgeon, with intent to save the life of the woman or to prevent serious and permanent bodily injury. From the testimony of the witnesses for the people, it appears that the woman, Stella Reed, being pregnant, employed the defendant to procure a miscarriage; that the defendant, in furtherance of the employment, used certain instruments upon her subject for the purpose of producing a miscarriage. There was ample testimony to support the verdict, and, no prejudicial error intervening to warrant a reversal, the judgment is affirmed.                                         *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.

*Rehearing denied.*