(93 South. 289)

## ALABAMA BROKERAGE CO. v. BOSTON.
### (6 Div. 946.)

(Court of Appeals of Alabama. April 18, 1922. Rehearing Denied May 9, 1922.)

**1. Appeal and error ⬅︎170(2)—Points not raised below will not be reviewed.**

Points as to the constitutionality of a statute not raised below will not be reviewed on appeal.

**2. Constitutional law ⬅︎242—Money Lenders Act not in violation of equal rights.**

Money Lenders Act of March 9, 1901 (Laws 1901, p. 2685), is not unconstitutional, as violating Const. 1875, art. 1, § 2, guaranteeing equal rights.

**3. Constitutional law· ⬅︎159, 205(2)—Money Lenders Act does not impair contracts nor grant special privileges.**

Money Lenders Act of March 9, 1901 (Laws 1901, p. 2685), is not unconstitutional as violating Const. 1875, art. 1, § 23, forbidding impairment of obligation of contracts and granting of special privileges and immunities.

**4. Eminent domain ⬅︎2(1) — Money Lenders Act not unconstitutional as taking private property for public use.**

Money Lenders Act of March 9, 1901 (Laws. 1901, p. 2685), is not unconstitutional as violating Const. 1875, art. 1, § 24, and Const. 1901, § 23, forbidding taking of private property for public use.

**5. Pawnbrokers and money lenders ⬅︎2—Money Lenders Act valid.**

Money Lenders Act of March 9, 1901 (Laws 1901, p. 2685), is not unconstitutional as violating Const. 1901, § 35, providing that the sole object of government is the protection of life, liberty, and property.

**6. Statutes ⬅︎84—Money Lenders Act not void as local law regulating rate of interest.**

Money Lenders Act of March 9, 1901 (Laws 1901, p. 2685), is not unconstitutional as violating Const. 1901, § 104, subsec. 13, prohibiting local laws regulating the rate of interest.

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Statutes ⬭82—Money Lenders Act not invalid as local law affecting liens.**

Money Lenders Act of March 9, 1901 (Laws 1901, p. 2685), is not unconstitutional as violating Const. 1901, § 104, subsec. 19, forbidding local laws creating, extending, or impairing liens.

**8. Pawnbrokers and money lenders ⬭1—Money lending may be regulated.**

The business of lending money may be regulated by the Legislature.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Suit by Joe Boston against the Alabama Brokerage Company for damages for causing the loss of his employment by filing with his employer an assignment of wages. Judgment for the plaintiff in the sum of $1,000, and the defendant appeals. Affirmed.

The complaint was as follows:

Count 1 was eliminated on demurrer, but is copied here as part of same was included in count A when the complaint was amended:

"The plaintiff claims of the defendant $5,000 damages, for this, that heretofore, to wit, on the 15th day of September, 1920, the defendant willfully, wantonly, and intentionally and maliciously and wrongfully placed or caused to be placed with plaintiff's employer, St. Louis-San Francisco Railroad Company, a corporation, an alleged assignment of wages or 'notice' of assignment of wages, which assignment or notice thereof was 'void,' which was known to the defendant, but, notwithstanding said knowledge, the defendant willfully, wantonly, and intentionally, wrongfully, and maliciously placed or caused to be placed with said St. Louis-San Francisco Railroad Company, the same well knowing that so to do would in all probability cause plaintiff to be discharged from the services of said employer, and without regard to the consequences of said wrongful, willful, wanton, intentional, and malicious act which said act defendant did, or caused to be done, on the day and date aforesaid; and plaintiff further avers that, on account thereof, and as a direct and proximate consequence thereof, said St. Louis-San Francisco Railroad Company has pulled plaintiff out of their service and discharged him from his occupation as fireman for said St. Louis-San Francisco Railroad Company, at which occupation plaintiff earned a livelihood; and plaintiff further avers that he has suffered very great loss, inconvenience, and annoyance, that he has been unable to collect his wages due him from said railroad company without suit against them, and that he has been unable to pay his just debts on account thereof; that he has been unable to procure other employment and has lost much time on account thereof; that he has been rendered less able to aid and provide a suitable living for his wife and children; that plaintiff's standing and reputation with his said employer has been greatly damaged; that he has suffered great damage in that it has been made difficult for him to procure other like employment in the Birmingham district. And, whereas plaintiff further says that all of his aforesaid injuries and damages were caused by reason of and as a direct and proximate consequence of the willful, wanton, intentional, wrongful, and malicious conduct of the defendant as aforesaid; hence plaintiff sues."

"Count A. Comes the plaintiff in the above-entitled cause, and, with leave of the court first had and obtained, amends his complaint by hereby referring to and incorporating, as a part of the following count, called 'A,' all words and figures contained in count 1 of plaintiff's complaint heretofore filed, and, in addition thereto, immediately following the word 'void,' wherever the said word appears in said count 1, the following averment, to wit: That said assignment was not in compliance with the act of Alabama Legislature approved April 11, 1911; that the defendant was a money lender, and engaged in the business of lending money in Alabama; that the assignment the defendant held at the time alleged assignment was filed with said plaintiff's employer the same was and was for a loan of money and given for wages to be earned."

"Count B. The plaintiff claims of the defendant the sum of $5,000 damages for this, that heretofore, on, to wit, the 15th day of September, 1920, plaintiff was an employé of the St. Louis-San Francisco Railroad Company; that on or about said day and date aforesaid the defendant, acting through its servants or agents within the line or scope of their authority or employment, willfully, wantonly, and maliciously lodged with plaintiff's said employer an assignment or notice of an assignment of wages; and plaintiff avers that said alleged assignment, if any there was, was void, in that it failed to comply with the terms of the Money Lenders Act of Alabama in the year of 1901, approved March 9, 1901; that a copy of same was not furnished plaintiff at time same was purported to be executed; that same had not been recorded in the office of the judge of probate of Jefferson county within five days after its making, if made; that it was taken by defendant, if any there was, for a loan of money as security, and rate of interest is not stated; that the defendant was engaged in the business of money broker; and plaintiff well knowing that said assignment was void, and that its filing of the same with plaintiff's employer would cause plaintiff's said employer to discharge plaintiff from its service; and plaintiff avers that the defendant, acting as aforesaid, notwithstanding said knowledge, did willfully, wantonly, and maliciously lodge or cause said assignment to be lodged with said employer; and plaintiff avers that, as a direct and proximate consequence of said willful, wanton, and malicious act, plaintiff lost much time from his employment; that his said employer discharged him and he suffered all the injuries and damages set out in count A of plaintiff's complaint, heretofore filed, which injuries and damages are hereby specially referred to and made a part of this count."

The following are the grounds of demurrer:

"Now comes the defendant and demurs to the complaint as amended and to each count there-

of, separately and severally, and assigns the following grounds of demurrer to said complaint and to each count thereof:

"(1) That the facts alleged in said complaint do not as a matter of law render said assignment void.

"(2) That said act of Legislature of 1901, under which said count B of the complaint as amended is drawn, is void and unconstitutional in this: Said act is what is known as class legislation; said act violates section 23 and section 24 of the Constitution of 1875 (article 1); said act violates section 2, art. 1, of the Constitution of 1875; said act violates section 22 and section 35 of the Constitution of 1901; said act violates section 104 of the Constitution of 1901; said act violates subdivisions 13 and 19 of section 104 of the Constitution of 1901.

"(3) Said act of 1901, commonly known as the Money Lenders Act, under which said count B of said complaint as amended is drawn, is void and unconstitutional in this: Said act attempts arbitrarily to place certain burdens, restrictions, and penalties upon persons conducting a certain business in the counties of Jefferson, Walker, Morgan, and Etowah, and same restrictions, burdens, and penalties are not placed upon those doing a like business in the other counties of the state.

"(4) It is not made to appear that the transactions of the plaintiff and defendant come within the purview of the act of the Legislature of Alabama approved March 9, 1901, regulating the business of money brokers or persons who lend money for themselves or others on bills of sale, notes, or mortgages on personal property or other personal security in Jefferson, Morgan, Walker, and Etowah counties.

"(5) The act of March 9, 1901, regulating the business of money brokers or persons who lend money for themselves or others on bills of sale, notes, or mortgages on personal property, or other personal security, in Jefferson, Morgan, Walker, and Etowah counties, is unconstitutional, in that it unjustly restricts counties in the exercise of their right of contract.

"(6) Said act of March 9, 1901, is unconstitutional in that it only applies to loans which do not exceed $75, and which are not made by persons engaged in the business of banking.

"(7) Said act of March 9, 1901, is contrary to the general law of the state of Alabama regulating the rate of interest on loans of money in the amount not exceeding $75.

"(8) Said act of March 9, 1901, undertakes to permit money brokers to charge 12½ per cent. per annum on loans of money of less than $75, in violation of the general law of the state of Alabama.

"(9) Said act of March 9, 1901, is unconstitutional in its terms, obligations, and effect.

"(10) Said act of Legislature regulating the rate of money in Jefferson and other counties is contrary to section 104 of the Constitution of Alabama, in that it permits the higher rate of interest to be charged than 8 per cent. per annum.

"(11) Said act of March 9, 1901, regulating the business of money brokers, or persons who lend money for themselves or others on bills of sale, notes, or mortgages on personal property, or other personal security, in Jefferson,

18 ALA.APP.—32

Morgan, Walker, and Etowah counties, is unconstitutional and void, in that it makes it a criminal offense for any person other than one engaged in the banking business to take or attempt to take, except by regular process, any property sold or mortgaged, or on which he claims a lien obtained by him as security for a loan which does not exceed $75, and which was made for him through a money broker engaged in business in Jefferson county, Ala., and which said loan was made at a rate of interest not exceeding 8 per cent. per annum, and which was evidenced by a note signed by a mark, unless said signature was attested by two witnesses who were not of kin to the lender, and who were in no way interested in the loan, either directly or indirectly, and who were not at the time employed by the lender, and unless the mortgage or lien has been recorded as required by section 1 of said act."

D. D. Trimble, of Birmingham, for appellant.

Where one does or threatens to do an act which he may lawfully do, he does not thereby subject himself to suit for damages, although he may be actuated by malice, etc. 163 Ala. 348, 50 South. 1008; L. R. App. Cas. 1; 206 Ill. 493, 69 N. E. 526, 99 Am. St. Rep. 185; 231 Ill. 42, 83 N. E. 94; 90 Me. 166, 38 Atl. 96, 60 Am. St. Rep. 252. The counts are in trespass, and the proof must show actual participation by defendant. 139 Ala. 161, 34 South. 389; 84 South. 396. The act under which the suit is brought, or for which damages are sought, is unconstitutional and void. Article XIV, Const. U. S.; 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; 96 Tenn. 696, 36 S. W. 697, 33 L. R. A. 589; 115 Ill. 98, 3 N. E. 720; 70 Mich. 543, 38 N. W. 464; 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; 171 U. S. 106, 18 Sup. Ct. 805, 43 L. Ed. 91; Section 104, Const. 1901; 141 Ala. 121, 37 South. 332, 67 L. R. A. 286, 109 Am. St. Rep. 23, 3 Ann. Cas. 319; 33 W. Va. 179, 10 S. E. 285, 6 L. R. A. 621, 25 Am. St. Rep. 863; 65 Ala. 193; 75 Ala. 449; 194 Ala. 141, 69 South. 626; 88 Miss. 567, 41 South. 264; 40 South. 552; 136 Tenn. 408, 189 S. W. 866.

C. E. Wilder, of Birmingham, for appellee.

The counts were not subject to demurrer, and stated a cause of action. U. S. F. & G. Co. v. Millonas, 206 Ala. 147, 89 South. 732; 156 Ala. 383, 47 South. 332, 22 L. R. A. (N. S.) 1224; 162 Ala. 348, 50 South. 254; 177 Mass. 485, 59 N. E. 125, 52 L. R. A. 115, 83 Am. St. Rep. 289; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 122 Ala. 212, 26 South. 155; 181 Ala. 456, 62 South. 12; 189 Ala. 507, 66 South. 699. The act is not subject to any of the constitutional infirmities suggested by appellant, and is not governed by the Constitution of 1901. 89 South. 837; 55 South. 401; 222 U. S. 225, 32 Sup. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529; (Tex. Com. App.) 209 S. W. 135; 82 Neb. 414, 118

N. W. 87; 18 Wyo. 169, 105 Pac. 299, 27 L. R. A. (N. S.) 898, Ann. Cas. 1912C, 819; 122 U. S. 225, 7 Sup. Ct. 1351, 30 L. Ed. 1225; 95 Ala. 521, 12 South. 579, 20 L. R. A. 58, 36 Am. St. Rep. 245.

BRICKEN, P. J. · The appellee brought suit against the appellant to recover damages for certain injuries alleged to have been caused by appellant.

The theory of his action is that the appellant was a money broker in Jefferson county, Ala.; that appellee was employed by a railroad in that county, and borrowed some money from the appellant, and to secure that loan gave the appellant an assignment on his wages to be earned in the future from the railroad company; that this assignment was void under the act of 1911 regulating assignments (Acts 1911, p. 370), and under the Money Lenders Act of 1901 (Acts 1901, p. 2685); that the appellant presented this void assignment to appellee's employer, and insisted upon payment thereof, which resulted in his discharge, and in the injury and damage complained of. There was a verdict and judgment in favor of the appellee for $1,000, from which this appeal is prosecuted.

On this appeal it is practically conceded that the assignment was void under the two statutes above referred to, if the statutes be valid enactments. In the letter accompanying his brief counsel for the appellant expressly waives all assignments of error except the first and second, which challenge the sufficiency of counts A and B of the complaint as amended. These two counts of the complaint sufficiently show that the assignment was void if the two statutes above referred to are constitutional, and that the plaintiff was entitled to maintain the action for the alleged injury done him.

[1] The main insistence on this appeal is that the act approved March 9, 1901, known as the "Money Lenders Act," is unconstitutional. In brief, it is argued that this law violates article 14 of the federal Constitution; but, as this point was not raised in the lower court, it is not presented for review here. The appellant further contends that the act above referred to violates section 2, art. 1, and sections 23 and 24 of the Constitution of 1875, and that it violates sections 23, 35, 104, and subsections 13 and 19 of section 104 of the Constitution of Alabama of 1901. The appellant further contends that this statute arbitrarily places a burden, restriction, and penalties upon money lenders in the four counties to which it applies that are not placed on persons engaged in like business in other counties of the state, and that the act discriminates between banks and money lenders.

Many of the objections raised by the appellant to this act are satisfactorily answered in the excellent opinion of the late District Judge Jones in Re Home Discount Co. (D. C.) 147 Fed. 538, where this act was construed and its constitutionality upheld.

[2-7] Without taking up each of the sections of the Constitution above referred to, and discussing each contention seriatim, it is sufficient to say that, in our opinion, this act is not violative of any of the constitutional provisions above referred to. The act of March 9, 1901, does nothing more than regulate certain transactions, like the statute of frauds regulates certain transactions, and like the latter statute declares all contracts void that do not comply with its requirements.

[8] The business of money lending may be regulated by the Legislature without doing violence to any constitutional provision, and we think this statute is not subject to any of the criticisms directed against it in the brief on file. Mutual Loan Co. v. Martell, 222 U. S. 225, 32 Sup. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529; State v. Sherman, 18 Wyo. 169, 105 Pac. 299, 27 L. R. A. (N. S.) 898, Ann. Cas. 1912C, 819; Bullard Investment Co. v. Ford (Ala. App.) 89 South. 837;[1] In re Home Discount Co., supra; International Text Book Co. v. Weissinger, 160 Ind. 349, 65 N. E. 521, 65 L. R. A. 599, 98 Am. St. Rep. 334.

The demurrer to Counts A and B as amended being properly overruled, and this being the only ruling of the trial court that we are invited to review, it results that the judgment appealed from must be affirmed.

Affirmed.