(94 South. 87)

### Ex parte ALABAMA BROKERAGE CO.
### (6 Div. 704.)

(Supreme Court of Alabama.　June 29, 1922. Rehearing Denied Oct. 12, 1922.)

**1. Statutes ⨀84 — Money Lenders' act held not void as local law regulating the rate of interest.**

Money Lenders' Act, § 1, attaching a special disability to the enforcement of loans bearing a higher rate of interest than 12 per cent., is not obnoxious to Const. 1901, § 104, subd. 13, prohibiting local laws "regulating the rate of interest," since it is not an attempt to fix or regulate the rate of interest.

**2. Statutes ⨀76(1)—Money Lenders' Act not void as local law in case provided for by general law.**

Money Lenders' Act is not unconstitutional in violation of Const. 1901, § 105, prohibiting the enactment of a local law "in any case which is provided for by a general law," since the subject-matter and design of this act is not covered by any general law.

**3. Statutes ⨀64(2)—Invalidity of section of Money Lenders' Act held not to affect the whole.**

The invalidity of section 7 of the Money Lenders' Act, limiting the attorney's fee chargeable to the borrower, if established, would not affect the remainder of the act, since it is an independent and subordinate part thereof, and the act without it is still complete in design and effect.

Certiorari to Court of Appeals.

Petition of the Alabama Brokerage Company for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of Alabama Brokerage Co. v. Boston, 18 Ala. App. 495, 93 South. 289. Writ denied.

D. D. Trimble and Ellis & Matthews, all of Birmingham, for appellant.

The Act of March 9, 1901 (page 2685) is unconstitutional. Const. U. S. Amend. 14; Const. Ala. § 104; 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; 96 Tenn. 606, 36 S. W. 697, 33 L. R. A. 589; 115 Ill. 98, 3 N. E. 735; 70 Mich. 534, 38 N. W. 470; 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; 171 U. S. 106, 18 Sup. Ct. 805, 43 L. Ed. 91; 163 U. S. 81, 16 Sup. Ct. 1031, 41 L. Ed. 78; 154 U. S. 375, 14 Sup. Ct. 1047, 38 L. Ed. 1014; 141 Ala. 121, 37 South. 332, 67 L. R. A. 286, 109 Am.

---

⨀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

St. Rep. 23, 3 Ann. Cas. 319; 94 Me. 192, 47 Atl. 165, 80 Am. St. Rep. 386; 90 N. W. 1058.

Chas. E. Wilder, of Birmingham, for appellee.

The Act of March 9, 1901, is not violative of any section of the state or federal Constitution. (D. C.) 147 Fed. 538; 18 Wyo. 169, 105 Pac. 299, Ann. Cas. 1912C, 819; 222 U. S. 225, 32 Sup. Ct. 74, 56 L. Ed. 175, Ann. Cas. 1913B, 529; 89 South. 837; 12 South. 597; (Tex. Com. App.) 209 S. W. 135; 281 Ill. 159, 118 N. E. 87; 197 Mass. 388, 83 N. E. 1108; 200 Mass. 482, 86 N. E. 916, 43 L. R. A. (N. S.) 746, 128 Am. St. Rep. 446; 12 C. J. 728.

SOMERVILLE, J. This petition is for the review of a judgment of the Court of Appeals in the case of Alabama Brokerage Co. v. Joe Boston, 93 South. 289,[1] wherein the act of March 9, 1901, known as the Money Lenders' Act (Local Acts 1901, p. 2685), was upheld as constitutional; that conclusion being decisive of the case at bar, and being the only question presented on appeal.

This act, in its various constitutional aspects, was very carefully considered by District Judge Jones in Re Home Discount Co., 147 Fed. 538, 544, and was held to be within the legislative power and free from constitutional objections. We agree with the Court of Appeals in its approval of the opinion of Judge Jones in that case, as determinative of most of the objections here urged against the act.

[1] It is now also urged with much earnestness that the act is obnoxious to subdivision 13 of section 104, which prohibits local laws "regulating the rate of interest." It is clear, however, that the act does not undertake in any way to fix or regulate the rate of interest. What it does is to attach a special disability to the enforcement of loans carrying a higher rate of interest than 12 per cent. which is a very different thing from authorizing or legalizing such a rate.

[2] The insistence that the act is also obnoxious to section 105, which forbids the enactment of a local law "in any case which is provided for by a general law," is equally untenable, for there is no general law in Alabama covering the subject-matter and design of this act.

[3] One insistence which deserves special notice is that section 7 of the act is invalid as class legislation, or as an unreasonable restraint on the right of contract. That section provides that, if the note or other security should be placed in an attorney's hands for collection, "no attorney's fee shall be taxed or charged against the borrower exceeding ten per cent. of the original loan." No question is presented here under that provision of the law, and it is not necessary to pass upon its validity; for very clearly its invalidity, if conceded, would not affect the act as a whole. since it is an independent provision and a purely subordinate detail, without which the act would still be complete in its design and effective in its operation, within the legislative purpose. Unquestionably the Legislature would have passed the act regardless of section 7. Clarke v. Carter, 174 Ala. 266, 56 South. 974; Williams v. Board of Revenue, 123 Ala. 422, 26 South. 346: Davis v. Minge, 56 Ala. 121.

Apart from section 7, as to the validity of which we express no opinion, we think the act is free from the constitutional objections urged against it, as held by the Court of Appeals, and the writ of certiorari will be denied.

Writ denied.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.