## SOUTHERN FINANCE CO. v. CASEY.
### (6 Div. 270.)

(Court of Appeals of Alabama.  May 20, 1924.)

**Pawnbrokers and money lenders ⬅️6 — Contract held usurious.**

A transaction whereby plaintiff borrowed $50 from defendant, and paid back interest at rate of 20 per cent. per month, resulting in a final payment of $105, is usurious under Laws 1900–01, p. 2685, the local usury law applicable to Jefferson county.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Clyde Casey against H. H. Mauck and others, doing business as the Southern Finance Company. Judgment for plaintiff, and defendants appeal. Affirmed.

D. D. Trimble, of Birmingham, for appellants.

Usury paid voluntarily is not recoverable by independent suit, in the absence of a promise to repay. Gross v. Coffey, 111 Ala. 468, 20 South. 428; Carlisle & Groggs v. Gray, 10 Ala. 302; 4 Mayfield's Dig. 1035; 27 R. C. L. 269.

Arlie Barber, of Birmingham, for appellee.

No brief reached the Reporter. ·

BRICKEN, P. J.  Under the complaint as amended in the court below, Clyde Casey, plaintiff, brought his action against Southern Finance Company, defendant, to recover the sum of $55, with interest thereon accrued, for money had and received, as set forth in count B of the amended complaint.

The only evidence offered upon the trial of this case was that of the plaintiff himself. He testified, in substance, that he borrowed certain sums of money from defendant, aggregating in all the sum of $50; that he paid as interest on the money borrowed from the defendant 10 cents on the dollar each 2 weeks; that the total amount paid the defendant in this matter aggregated the sum of $105. In other words, he borrowed $50 from defendant and paid back to him $105, or $55 more than he received, and his action therefore was to recover this $55, with the interest thereon accrued.

· The defendant offering no evidence to dispute or controvert the evidence of plaintiff, the trial court at the request of plaintiff, in writing, gave the general affirmative charge in behalf of plaintiff, and thereupon the jury returned its verdict into court, assessing plaintiff's damages at $60.86, whereupon judgment was pronounced by the trial court in behalf of plaintiff for said sum, and from this judgment appellant prosecutes this appeal.

Five assignments of error are noted upon the record of which the third, fourth, and fifth, are insisted upon. These three assignments of error are all argued together under one proposition of law, and that is that usury paid voluntarily is not recoverable by an independent suit in the absence of a promise to repay, unless the provisions of a local usury law, applicable to Jefferson county, Ala., where the transactions occurred (Laws 1900–01, p. 2685), restores the provisions and rules of the common law applicable to usurious interest.

The question is not an open one with us. The local usury law of 1901, supra, applicable to certain counties in this state, including the county of Jefferson, has been declared to be constitutional both by this court and the Supreme Court. Alabama Brokerage Co. v. Boston, 18 Ala. App. 495, 93 South. 289; Ex parte Alabama Brokerage Company, 208 Ala. 242, 94 South. 87.

In the case of Bullard Investment Co. v. Ford, 18 Ala. App. 167, 89 South. 837, we expressly held that the above local usury law was applicable to just such transactions as are here and now presented by this record, so far as Jefferson county is concerned, and to hold otherwise under said law would be no better than to legalize robbery.

We find no error, and the judgment of the circuit court is affirmed.

Affirmed.