283 So.2d 660

**Mabel Lowery LINGLE**

v.

**STATE.**

**I Div. 308.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

J. Calvin Clay, James E. Atchison, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted and fined $1,000.00 for having performed an abortion.

Jane Doe[1] testified at the call of the State that she became pregnant about two weeks prior to Thanksgiving, 1969, the pregnancy arising out of intimate relations with Richard Roe, Jr.[2] Miss Doe's testimony tended further to show that Richard Roe, Sr.,[3] recommended and procured the abortion out of which arose this prosecution. Mr. Roe, Sr., took the stand in behalf of the appellant and denied any involvement in the matter. Miss Doe identified appellant as the person who performed the abortion.

I

Appellant contends that it was incumbent upon the State to negative the possibility that the abortion was performed to preserve Miss Doe's life or health. Tit. 14, § 9, Code of Alabama, 1940, Recompiled 1958. This contention provides the thrust for her argument that the trial court erred in overruling the demurrer to the indictment and denying the motion to exclude the State's evidence. This precise issue has apparently not been resolved by an appellate court of this State. We agree with the rationale of the courts of other jurisdictions which have held that such matter is defensive in nature and need not be negatived by the prosecution. Fitch v. People, 45 Colo. 298, 100 P. 1132; Johnson v. People, 33 Colo. 224, 80 P. 133; 1 C.J.S. Abortion § 21.

The Court in Johnson v. People, supra, cited State v. Abbey, 29 Vt. 60, 67, 80 P. 133, Am.Dec. 754, as follows:

" . . . 'In saying that an exception must be negatived when made in the enacting clause, reference is not made to sections of the statute, as they are divided in the act; nor is it meant that, because the exceptions are contained in the section containing the enactment, it must for that reason be negatived. * * * The question is whether the exception is so incorporated with and becomes a part of the enactment as to constitute a part of the definition or description of the offense. * * * "It is the nature of the exception, and not its location," which determines the question. * * * The same principle should govern this class of cases which governs other classes, and the exceptions should be negatived only where they are descriptive of the offense or define it; but where they afford matter of excuse, merely, they are to be re-

---

1. This name is a pseudonym.

2. Id.

3. This name is a pseudonym.

lied upon in defense. The question is one not only of pleading, but of evidence; and, where the exceptions must be negatived in the indictment, the allegations must be proved by the prosecution, though the proof may involve a negative.' . . . "

See also Hall v. State, 291 Ala. 397, 281 So.2d 662.

## II

Appellant moved to suppress the evidence obtained from her house pursuant to a search and seizure by the Mobile County Sheriff's Department. Appellant further objected to the introduction at trial of this evidence.

■ She contends that the search warrant was fatally defective in that there was no showing that the issuing magistrate was apprised of sufficient facts to constitute probable cause. We disagree. The affidavit in support of the warrant avers that the affiant visited Miss Doe and her mother during Miss Doe's hospital confinement which resulted from the abortion. This visit and ensuing conversation, according to the affidavit, apprised the affiant of the details surrounding the abortion; such details appeared in the affidavit and sufficiently established probable cause to contemplate the seizure of incriminating evidence. The information supplied the affiant by Miss Doe and her mother was rendered credible by the averment in the affidavit that Miss Doe and her mother "swore under oath" in the district attorney's office that their statements were true.

## III

■ Appellant argues in brief that the statute under which she was convicted is unconstitutional. Since this issue was not raised in the court below, the constitutionality of Tit. 14, § 9, Code 1940, is not before us. Smith v. State, 280 Ala. 241, 192 So.2d 443. *Smith,* supra, unequivocally asserts the proposition that appellate courts do not consider constitutional questions not raised below, and, in so doing, cites the following authorities: Alabama Brokerage Co. v. Boston, 18 Ala.App. 495, 93 So. 289, cert. denied, Ex parte Alabama Brokerage Co., 208 Ala. 242, 94 So. 87; Vol. 2, Alabama Digest, Appeal & Error, ⊗170(2).

■ The record before us reflects appellant's indigency. Consequently, it was error for the trial court to sentence her to a jail term in default of payment of the fine. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130; Dorch v. City of Opelika, 50 Ala.App. 612, 281 So.2d 666.

The judgment of conviction is affirmed and the cause remanded for proper sentencing.

Affirmed. Remanded for proper sentencing.

All the Judges concur.