Appellant-defendant, an indigent here and below, was indicted separately for five robberies. He entered pleas of guilty in each case after he was fully advised by the court and his attorney of his Boykin rights. Sentence in each case was twenty years with all sentences to run concurrently.
 I and II
It appears from the record one circuit judge in Montgomery took his pleas of guilt and then referred him to another circuit judge for sentencing which was done at a later date.
This transfer for sentencing was pursuant to a majority agreement of the circuit judges in Montgomery County to which the first judge who took the pleas was not in accord, but nevertheless he abided by the majority view.
It seems that the Deputy District Attorney who handled all five cases made some comment at the time the guilty pleas were tendered and accepted that tended to encourage the transfer. However, as we view the record the judge presiding when the pleas were tendered and the transfer decided acted on the majority agreement, supra, and was not influenced by the reminder of the Deputy District Attorney that the cases be transferred.
Appellant's appointed attorney submits to this court an elaborate brief in which he contends inter alia, that the system and agreement of the judges, supra, and the alleged interference of the Deputy District Attorney denied this defendant his constitutional right to a fair trial.
But this contention is not properly before this court. Constitutional questions presented for the first time on appeal will not be considered by reviewing court. City of Talladega v.Ellison, 262 Ala. 449, 79 So.2d 551; Alabama Brokerage Co. v.Boston, 18 Ala. App. 495, 93 So. 289, certiorari denied,208 Ala. 242, 94 So. 87; Alabama Digest, Vol. 2, Appeal Error, No. 170 (1).
 III
The same rule applies to appellant's contention that the bail fixed for appeal was excessive and in violation of his constitutional rights under the Eighth and Fourteenth Amendments to the Constitution of the United States.
 IV
The next contention is that a companion in the robbery got less punishment for his participation than appellant and that there is no valid, justifiable reason for defendant to have been sentenced more severely than this accomplice. This disparity, appellant contends, is a clear abuse of discretion upon the part of the sentencing judge. He asserts that we take corrective action in reducing appellant's sentence to not more than 15 years imprisonment.
This court is without authority to reduce sentences imposed on a defendant. The length of a sentence imposed by the trial court is addressed to the sound discretion of the trial court and we will not disturb. Mitigation of the sentence is addressed to the Pardon and Parole Board and not to this court.
All five of the judgments consolidated in this appeal are affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur. *Page 566