LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted of murder in the first degree of Edna Marie Maxwell, his wife, by shooting her with a pistol.
Our review of the evidence convinces us that there was ample evidence to support the verdict. There is no contention to the contrary.
The only issue presented for review relates to the question of the admissibility of evidence of two prior convictions of defendant, one for robbery and one for grand larceny. The statement of the issue in appellant’s brief is as follows:
“In order to justify exposing Defendant’s criminal record to a jury, the probative relevance of prior convictions to the issue of credibility must outweigh the degree of prejudice that is produced from such a relevation to the jurors.”
The substance of defendant’s contention in the trial court on the point is revealed by the following portion of the transcript on an in camera hearing:
“THE COURT: All right.
“MR. VEITCH: Judge, I would like an order to restrain Mr. Gomany [attorney for the State] — I have got to put J. C. on the stand.
“THE COURT: And so what?
“MR. VEITCH: So, J. C. has had two prior convictions, one for robbery and one for grand larceny. And I don’t want Ken to be able to ask him about those prior convictions.
“THE COURT: Why not, because they might be harmful?
“MR. VEITCH: Yes, sir. I believe when a jury hears he has been convicted of crimes in the past, there is a strong possibility that they will convict him on that.
“THE COURT: See, he has a right to go into crimes involving moral turpitude.
“MR. GOMANY: The Judge will charge that they can’t consider that except for the credibility of the testimony.
“THE COURT: I will charge on that. Be sure to remind me that it goes to the credibility.
“MR. VEITCH: Well, I want to give you that to look over.
“THE COURT: If you have some kind of conviction that doesn’t involve moral turpitude, I will be glad to rule on that.
“MR. VEITCH: No, sir. If he gets it out and tells the jury this man has been convicted of two crimes, then they might think he has done two, why not another.
“THE COURT: That might be the aspect in spite of the court’s admonition, but still it is proper for him to ask those questions.

“THE COURT: He would have the right to ask those questions.
“MR. VEITCH: Okay. Judge.

“THE COURT: You can’t ask him anything on that, but you can ask on robbery.
“MR. VEITCH: But he can’t bring up that obstruction of justice?
“THE COURT: No, not unless he shows me something. He has a robbery and what else?
“MR. GOMANY: Grand larceny.
“THE COURT: All right.”
The foregoing portion of the transcript occurred just after the State rested. Upon completion of the in camera hearing and the return of the jury to the court room after a coffee break, the trial proceeded with the defendant testifying as his only *330 witness. Included in his testimony on direct examination was the following:
“Q. Okay. Let me ask you this, J. C. Have you ever been convicted of any crime?
“A. Yes, sir.
“Q. You have been?
“A. Yes, sir.
“Q. What have you been convicted of?
“A. Robbery and grand larceny.
“Q. When were you convicted of robbery?
“A. In 1973.
“Q. When were you convicted of grand larceny?
“A. At the same time, same charge.
“Q. They charged you with the same thing? This was when?
“A. 1973.”
In appellant’s argument in his brief on appeal, he states:
“In conclusion, your appellant was subjected to an unconscionable dilemma: either take the stand and be prejudiced by prior criminal convictions or keep silent and let the jury hear only one side of the story. The first choice subjects the defendant to violations of his Fifth Amendment rights against self-incrimination, the second to violations of this Fourteenth Amendment rights to a fair and impartial trial.”
We do not find in the transcript or the record proper that defendant raised any question in the trial court as to the constitutionality of the governing statutory law of Alabama, Code of Alabama 1975, § 12-21-162, as follows:
“(a) No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury.
“(b) As affecting his credibility, a witness may be examined touching his conviction for a crime involving moral turpitude, and'his answers may be contradicted by other evidence.”
Any question as to the constitutionality of the cited statute or any procedure thereunder is not reviewable by an appellate court unless the question was presented in the trial court. In Smith v. State, 280 Ala. 241, 244, 192 So.2d 443, it is stated:
“This court on appeal will not consider constitutional questions not raised below. Alabama Brokerage Co. v. Boston, 18 Ala.App. 495, 93 So. 289, cert. denied, Ex parte Alabama Brokerage Co., 208 Ala. 242, 94 So. 87; Hubbard v. Cornutt, 278 Ala. 512, 179 So.2d 90; Vol. 2, Ala. Digest, Appeal & Error, key 170(2).”
As defendant elected to show the prior convictions of defendant without being assured that the State would do so on cross-examination of defendant as a witness, we cannot say that he properly presented to the trial court his contention that a defendant’s prior conviction for a crime involving moral turpitude cannot be shown against him upon his having testified as a witness for himself unless “the probative relevance” of his prior conviction outweighs “the degree of prejudice that is produced” by admitting the evidence. However, to allay any notion that this Court is of the opinion that a trial court is required to disallow such evidence unless and until it is subjected to and is found to meet an in camera weighing or balancing test, we proceed to a consideration of appellant’s contention, and the cases upon which he relies, including some subsequent cases on the subject.
The cases relied upon by appellant are Luck v. United States, 348 F.2d 763 (D.C. Cir. 1965); Gordon v. United States, 383 F.2d 936 (D.C. Cir. 1967); Blakney v. United States, 397 F.2d 648 (D.C. Cir. 1968); Evans v. United States, 397 F.2d 675 (D.C. Cir. 1968); Weaver v. United States, 408 F.2d 1269 (D.C. Cir. 1969) and United States v. Bailey, 426 F.2d 1236 (D.C. Cir. 1969). However supportive they may be of any contention of appellant as to what the law ought to be, they are not apposite as to what the law actually is on the subject. Involved in all of the cases cited by appellant, all of which were of the United States Court of Appeals of the District of Columbia Circuit, was the unique statute of the District of Columbia, which the court con *331 strued as not requiring under all circumstances, but as permitting, when meeting a mentioned weighing or balancing test, in the judgment of the trial court, a construction that has never been placed upon the applicable statutory law of Alabama. Even if it were subject to such a construction, at least one of the cases cited would adversely dispose of the particular contention of appellant, for the reason that he did not on the trial meet the burden of showing the inferior value of the impeaching evidence when compared with the value, in the interest of justice, of allowing the defendant to testify free of impeachment by prior convictions of a crime. Speaking for the court in Evans v. United States, supra, Judge Warren Burger, now Chief Justice Burger, said:
“. . . As we have previously intimated, it is not enough merely to refer to the Luck-Gordon standards and then to sit back. Hood v. United States, [365 F.2d 949, (D.C. Cir.)] supra. The defense must show how and why this case calls for a discretionary ‘exemption’ from the impeachment permitted by statute . All Luck and its progeny have done is point to the discretion in the district judge to exclude some or all prior convictions in some cases, when good reason is shown. This Court will not find an abuse of that discretion unless the defendant has presented cogent reasons calling for his unimpeached testimony. The possibility of undue prejudice from impeachment by prior convictions is an important factor, but it is relevant only after the threshold burden of demonstrating the peculiar need for the defendant’s testimony has been met.” 397 F.2d at 679.
To avoid any misunderstanding as to our view of the applicability of what has just been quoted from Evans v. United States, supra, it now appears to be applicable only in a case, such as this, in which there is no statutory requirement for the mentioned balancing or weighing test. In the cases cited, it was of judicial origin. What we have quoted from Evans v. United States is applicable only as adversely dispositive of appellant’s apparent effort to analogize the Alabama statutory law and what the courts should decide to the statutory law of the District of Columbia and what the United States Circuit Court for the District of Columbia Circuit has decided on the subject. All of that is now a matter of history. The particular statute of the District of Columbia was superseded on July 1, 1975, by Rule 609 of the Federal Rules of Evidence, authorized by the Congress by Pub.L. 93-595, § 1, January 2, 1975, 88 Stat. 1935. Rule 609(a) provides:
“For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.”
The rule as now codified in U.S.C.A. Tit. 28 has not stopped the train of cases on the subject or the wealth of discussion whether “the probative value of admitting this evidence outweighs its prejudical effect to the defendant,” including United States v. Smith, 551 F.2d 348 (D.C. Cir. 1976); United States v. Dorsey, 591 F.2d 923 (D.C. Cir. 1978); and United States v. Crawford, 613 F.2d 1045 (D.C. Cir. 1979), as well as cases from other United States Circuit Courts. Rule 609(a) shows, and the cited authorities make it clear, that a court determination “that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant” is not required if the prior crime “involved dishonesty or false statement.” However, whether some particular crimes involved dishonesty or false statement was not without controversy. In United States v. Smith, supra, it was held that attempted robbery was not such a crime. United States v. Dorsey, at 591 F.2d 935 approved a holding “that a shoplifting conviction was not a crime involving ‘dishonesty or false statement’ within the *332 meaning of Rule 609(a)(2).” In United States v. Crawford, at 613 F.2d 1052, it is stated:
“Shoplifting may or may not be probative of a lack of veracity, depending on the nature and circumstances of the crime. It can range from an impulsive ‘grab and run’ in full view of store officials, to a discreet slipping of merchandise into a handbag, or even to an outright lie about one’s identity or ownership of a credit card. . .
We recognize, as stated in United States v. Crawford, at 613 F.2d 1053, that in “approving Rule 609(a) Congress clearly intended to change prior case law (including this court’s Luck and Gordon decisions) and shift the burden of proof in establishing the admissibility of prior convictions from defendants to the government.” Nevertheless, there has been no basis for a change in the rationale of what we have heretofore quoted from Evans v. United States to the effect that defendant did not meet the burden imposed upon him in any attempt by him to prevent the admission of evidence of his prior convictions for robbery and grand larceny, in the absence of any statutory law requiring a predetermination by the court of the value of such evidence as compared with the value of testimony by the defendant unaffected by evidence of his prior convictions.
Whatever the result of a comparison between the former law of the District of Columbia and Rule 609 of the Federal Rules of Evidence on the one hand and Code of Alabama 1975, § 12-21-162 to determine what should be the law on the subject, we must conclude that the position taken by appellant is not in accord with the applicable law of Alabama and that the authorities cited by him do not support his contention that the trial court committed reversible error in not forbidding introduction in evidence of defendant’s prior convictions for robbery and grand larceny.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.