(98 South. 126)

### BRANDENBERG v. SOVEREIGN CAMP, W. O. W. (6 Div. 750.)

(Supreme Court of Alabama. Oct. 18, 1923. Rehearing Denied Dec. 6, 1923.)

1. **Appeal and error** ⊜⟼706(5)—**Judgment granting new trial on theory verdict was contrary to evidence not reviewable unless bill of exceptions presents all evidence.**

An order granting a motion for new trial on the ground that the verdict was contrary to the evidence will not be reviewed on appeal unless the bill of exceptions presents all the evidence before the trial court as to which the bill must contain an affirmative recital.

2. **Appeal and error** ⊜⟼706(5)—**Bill of exceptions held not sufficient to warrant review of trial court's conclusion that verdict contrary to evidence.**

Where on appeal from a motion granting a new trial on the ground the verdict was contrary to the evidence a bill of exceptions recited that in addition to the testimony set out, there was before the court "record evidence introduced by the defendant," the nature of which did not appear, the appellate court will not declare conclusion of trial court on whole evidence was erroneous.

3. **Appeal and error** ⊜⟼706(5) — **Appellant's excuse in bill of exceptions as to why appellee's testimony was not included held insufficient.**

The effect of an omission of appellee's evidence from a bill of exceptions cannot be avoided by a recital in the bill that it was removed from the files by appellee's attorney, and was not returned in time for incorporation in the bill, as it may have been removed with the knowledge and consent of appellant and the trial court; and in any case appellant had his remedy to compel its restoration, or else could have stated in the bill the substance of the missing documents.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Judson A. Brandenberg, as administrator of the estate of Mamie Greene Brandenberg, deceased, against the Sovereign Camp of the Woodmen of the World. From a judgment granting defendant's motion for a new trial, plaintiff appeals. Affirmed.

The action is on a death benefit policy, dated October 1, 1919, brought by the administrator of the beneficiary named in the policy. Only counts 1 and 6 were submitted to the jury.

In the application of the deceased member he designated Mamie Greene as beneficiary, and stated that her relationship to him was that of cousin. She was then 20 years of age, and had been married to and lived with the plaintiff, Brandenberg, since December 17, 1919. The deceased member died in May, 1920, and the beneficiary

(plaintiff's intestate) died prior to August 22, 1921.

The trial judge instructed the jury that there could be no recovery unless they found that the intestate was eligible as beneficiary within the relationship prescribed by the statute (Sess. Acts 1911, p. 702, § 6), and that under count 1 the burden of proof on this issue was upon the plaintiff, and that under count 6 (in the statutory form) the burden was on defendant to establish its special pleas in denial of such eligibility.

One Griffiths, a witness for defendant, who filled out the death certificate for intestate, stated that in the course of his questioning she told him she was not related to the deceased member by blood or marriage. The only evidence tending to the contrary was plaintiff's statement that he had heard his intestate call the deceased member "cousin," and intestate's statement in the death certificate, in answer to the question, "In what capacity or by what right do you claim?" "Beneficiary named on certificate."

After the last of the evidence the bill of exceptions recites:

"This was all the evidence in this case, except certain record evidence introduced by the defendant but withdrawn from the files by defendant's attorney, and not returned in time to insert in the bill of exceptions."

The jury returned a verdict for plaintiff, and there was judgment accordingly. Defendant duly filed its motion for a new trial on the ground, among numerous others, that the verdict was contrary to the evidence. This motion was granted, and the appeal is by plaintiff from that judgment.

William Vaughn and Louis Silberman, both of Birmingham, for appellant.

The burden of proving noneligibility asserted by the pleas was on defendant. Ala. Gold Ins. Co. v. Mobile, etc., 81 Ala. 329, 1 South. 562; Sov. Camp v. Hackworth, 200 Ala. 87, 75 South. 463; 29 Cyc. 232.

C. H. Roquemore, of Montgomery, for appellee.

The beneficiary must be within the degree of relationship prescribed by the law of the order. Barnett v. United Bros., 10 Ala. App. 382, 64 South. 518; Hardy on Frat. Ins. § 30, 346, 622; 1 Bacon on Benefit Soc. (4th Ed.) §§ 236, 310; 29 Cyc. 105.

SOMERVILLE, J. [1] When a motion for new trial is granted, and that action is referable to the court's conclusion that the verdict was contrary to the evidence, the judgment granting a new trial will not be reviewed on appeal unless the bill of exceptions presents all the evidence that was before the trial court, as to which the bill must contain an affirmative recital.

[2] Here the bill of exceptions affirmatively shows that there was before the court "record evidence introduced by the defendant," the nature of which does not appear. As to what that evidence was, what it tended to show, and what its probative influence was, we are not allowed to conjecture. Certainly we cannot say that the conclusion of the court upon the whole evidence was erroneous.

[3] The effect of the omission of this evidence from the bill of exceptions cannot be avoided by the recital of the bill that it was removed from the files by defendant's attorney and was not returned in time for incorporation in the bill. So far as appears, it may have been removed with the knowledge and consent both of plaintiff and the court; and, in any case, plaintiff had his remedy to compel its restoration, or else could have stated in the bill the substance of the missing documents.

As the record stands, we can do nothing but affirm the judgment of the trial court.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.