71 So.2d 62

**JAMES v. JAMES.**

I Div. 573.

Supreme Court of Alabama.

March 18, 1954.

Albert S. Gaston, Mobile, for appellant.

Bart B. Chamberlain, Jr., Mobile, for appellee.

STAKELY, Justice.

Mabel Jones James (appellant) has appealed to this court from a decree by the Probate Court of Mobile County, denying her petition to revoke letters of administration issued to Mabel Holloway James (appellee), in the estate of Henry James, deceased. § 775, Title 7, Code of 1940.

On March 23, 1953, Mabel Holloway James, claiming to be the widow of Henry James, deceased, was issued letters of administration on his estate. Within 40 days from the date of the death of Henry James, Mabel Jones James filed a petition in the

probate court where the letters of administration were issued and prayed that the letters of administration issued to Mabel Holloway James be revoked and that she be issued letters of administration as the widow of Henry James.

Henry James and Mabel Holloway James were married on December 25, 1920. They lived together until they separated in about 1926. In 1944 Henry James married Mabel Jones James with whom he lived until his death on March 14, 1953. Subsequent to the separation of Henry James and Mabel Holloway James she entered into two purported marriages, one with Henry Houston who died in 1931 and the other with Estelle Godfrey in 1941, which marriage she had annulled on the ground of a prior marriage by Godfrey not dissolved by death or divorce. There was also evidence presented by petitioner tending to show that Mabel Holloway James had established a relationship of man and wife with one Learnest Williams in Philadelphia. Such relationship was denied.

On November 29, 1948 Henry James filed a suit for divorce from Mabel Holloway James and prayed for a dissolution of his marriage with her of December 25, 1920. She filed an answer and cross-bill in the aforesaid suit. The cause was dismissed on December 7, 1950, for failure of Henry James to prosecute.

Mabel Holloway James testified that she was never divorced from Henry James. Mabel Jones James admitted that she had knowledge of the fact that Henry James recognized the continued existence of his marriage with Mabel Holloway James from whom he unsuccessfully endeavored to procure a divorce. No decree of divorce was introduced in evidence.

According to the findings of the court the petitioner relies upon the presumption of the validity of her marriage to decedent, supported by the subsequent acts and conduct of Mabel Holloway James, which have been set forth. The court in its decree, while recognizing that the presumption of validity attaches to the latest marriage, also finds that the testimony of Mabel Holloway James in denial of a divorce together with the divorce records of the circuit court of Mobile County, in Equity, while not absolutely conclusive of the fact that there was no divorce from the previous marriage, is certainly such as to stand until challenged and proven untrue. The court further finds: "No effort has been made by the Court to rationalize or justify the course of conduct of Administratrix subsequent to her marriage to intestate. Acts of immorality, however, are not to be considered as having the force and effect of overturning or superseding the laws of descent and distribution."

 Under the uniform decisions of this court the presumption of validity attaches to the latest marriage. It is not sufficient to show that a party to a marriage contract has contracted a previous marriage and the fact that his or her former spouse is still living is not sufficient to destroy the prima facie validity of the latest marriage. The burden is upon the person seeking to impeach the subsequent marriage to prove there has been no dissolution of the prior marriage by divorce or death. Freed v. Sallade, 245 Ala. 505, 17 So.2d 868; Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46.

However, in the case of Bell v. Tennessee, Coal, Iron & Railroad Co., 240 Ala. 422, 199 So. 813, 814, the following was quoted with approval:

" * * * 'The presumption of the dissolution of a prior marriage, whether by death or divorce, should be indulged with caution. We apprehend that such presumptions sometimes have been made with very little justification. A rule of law which allows an artificial or technical force to be given evidence which warrants such presumptions, beyond its natural tendencies to convince the mind, and requires courts and juries to presume as true that which is false, cannot but be fraught with dangerous

514

consequences. In case there is a conflict of presumptions, it would appear more reasonable that that one should yield which has the least probability to sustain it, rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail.' "

■ In the case at bar when Mabel Holloway James filed her petition for letters of administration upon the Estate of Henry James, deceased, alleging herself to be his surviving spouse, she was by necessary implication seeking to impeach the validity of the subsequent marriage of decedent with Mabel Jones James. The burden was therefore upon her to establish not only her previous marriage with the intestate, which was not denied, but also that such previous marriage had not been dissolved by divorce or death.

■ The court found that the evidence presented by the administratrix is sufficient to meet the requirements in rebuttal of the presumption of the validity of petitioner's marriage. As shown the court found that the testimony of the administratrix in denial of a divorce when taken with the divorce records of the circuit court to which reference has been made, while not absolutely conclusive of the fact that there was no divorce from the previous marriage, should stand until challenged and proven untrue. The fact that Mabel Holloway James went through other marriages after her first marriage, does not render the first marriage invalid, for the marriage will remain valid even though there are subsequent mistaken or meretricious marriages. Bell v. Tennessee Coal, Iron & R. R. Co., supra; Sloss-Sheffield Steel & Iron Co. v. Watford, supra.

We consider that the court reached a correct conclusion.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.