72 So.2d 856

## BONDS

v.

## COOKE & WOOD CONST. CO.

6 Div. 832.

Court of Appeals of Alabama.

May 11, 1954.

Howard W. Wages, Bessemer, for appellants.

Smyer & Smyer and A. Lamar Reid, Birmingham, for appellee.

HARWOOD, Judge.

This cause of action was for earnest money paid by the plaintiff pursuant to an alleged contract for the sale of realty.

The suit originated in the Intermediate Civil Court of Birmingham. In that court judgment was for the defendant. The plaintiff thereupon perfected his appeal to the Circuit Court of Jefferson County.

In the circuit court the plaintiff amended its complaint by adding count "A", and withdrew the count upon which the trial was had in the Intermediate Civil Court of Birmingham.

Count "A" claimed $1,000 "earnest money deposited in accordance with a certain contract of sale for real estate entered into between the plaintiff and defendants on towit, September 26th, 1952, which contract of sale was subject to the condition that the property described therein would be approved by F. H. A. for development, and that the purchaser should be able to secure firm operative builder F. H. A. commitments satisfactory to the purchaser as to amounts and conditions. Plaintiff avers that it was unable to secure said approval and commitments, and has so informed the defendants thereof, and has requested re-turn of said earnest money, which the defendants have failed and refused to do, for all of which Plaintiff claims as aforesaid."

No demurrer was filed to the complaint as amended in the circuit court.

Issue was joined on defendants' plea in short by consent.

The trial was had before the court without the intervention of a jury.

At the conclusion of the evidence the court entered a judgment in favor of the plaintiff and assessed its damages at $1,000.

The record on appeal filed in this court is only a record proper, that is no transcription of the evidence is included therein.

The only assignment of error is to the effect that the judgment is contrary to the law and the evidence.

We pretermit consideration of the absolute technical sufficiency of the complaint, for without doubt it contains a substantial cause of action, and this being so the judgment cannot be annulled, arrested, or set aside for any matter not previously objected to. Section 570, Title 7, Code of Alabama 1940. The sufficiency of this complaint was in nowise questioned in the proceedings below. The judgment entered is therefore not contrary to law. See Peoples Telephone Co. v. Buchanon, Ala.App., 68 So.2d 854.

As to the sufficiency of the evidence to support the judgment, we of course can review only matters appearing in the record. Since there is no transcript of the evidence in the record there is nothing before us for review in this regard. See 2 Ala.Dig., Appeal and Error, ☞712.

Counsel for appellant has attempted to set out in detail and argue the facts in his brief. We are bound by the record, and cannot consider evidence set out in brief, but not found in the record. See 2 Ala.Dig., Appeal and Error, ☞714 (5), for innumerable authorities.

Affirmed.