168 So.2d 217

**:LADNER & COMPANY REAL ESTATE SALES, INC.**

v.

**Thomas O. SMITH et al.**

I Div. 206.

Supreme Court of Alabama.

Oct. 22, 1964.

———————

B. F. Stokes, III, and E. Graham Gib-bons, Mobile, for appellant.

Fred F. Smith, Jr., Prichard, for appellees.

PER CURIAM.

This cause was tried (de novo) in the circuit court of Mobile County on a complaint to recover on a promissory note executed by appellees with appellant as payee. At the conclusion of the evidence adduced by plaintiff, the trial judge gave a directed verdict for defendants. The jury returned a verdict responsive to the direction of the court. From a judgment in favor of the defendants, plaintiff appeals with appropriate assignments of error, some of which are not reviewable under Rule 9, Revised Rules of the Supreme Court.

Plaintiff made a motion for a new trial, which was seasonably filed and continued to a day certain, at which time it was overruled and denied. Appellant assigns this ruling as error.

Such an assignment justifies consideration here of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling; on such assignment this court will consider any ground of the motion which is clear and specific, and which is adequately argued by counsel. Fuller v. Darden, 274 Ala. 447(3), 149 So.2d 805(3).

The motion for a new trial contains two grounds, here argued, that we will consider. They are: (1) For that the verdict is contrary to the evidence in the case. (2) For that the verdict is not sustained by the great preponderance of the evidence in this case.

We have carefully reviewed the evidence and conclude therefrom that the above grounds are sufficient upon which to predicate error on the part of the trial court in overruling and denying the motion for a new trial.

It seems from the evidence that plaintiff was engaged in the selling of real estate on a commission basis; that defendants and one Brutkiewicz and his wife entered into a written agreement concerning the purchase and sale of some real estate referred to in the instrument, which was partly printed and partly handwritten. We quote pertinent provisions (some stricken as indicated) as follows:

"OFFER TO PURCHASE                    "DATE August 15, 1961

"I/We hereby agree to pay the sum of $8250 for the following described real property situated in Mobile County, Alabama:

"12 Montgomery Ave. (handwritten)

"As earnest money deposit on this purchase, I/We tender herewith the sum of $100.00, same to be held in escrow by you pending the closing of the sale. At the time of closing, said deposit is to be applied toward my/our cash payment. However, in the event that I/we should fail to complete the purchase of the property after owner has accepted this offer and is prepared to furnish mercantile title, the owner may, at his election, declare this offer null and void and of no further effect, in which event the above deposit will be retained as liquidated damages for breach of this contract, time being the essence hereof.

"The purchase price specified above is to be paid in the following manner: (handwritten) *$7,750 to be financed by contract of sale.*

"The seller is to furnish (handwritten) *contract of sale*; title to be conveyed subject to any outstanding restrictions or easements but entirely free from all other incumbrances except those specifically assumed by me/us; taxes and rents to be prorated as of date of conveyance.

"It is particularly understood:

"1. If this offer is not accepted or if the owner cannot make a merchantable title, my/our deposit is to be refunded in full.

"2. If title insurance is required the cost thereof to be borne by— (handwritten) *None.*

"3. If this offer is not accepted in writing, it will become null and void after (handwritten) *3* days from date.

"4. The above mentioned property to be taken in the following names (handwritten) *Thomas O. Smith and Inez L.*

 * * * * * * * * * * *

"8. (handwritten) *Payments to be $65.00 per mo. including 8% interest.*

"9. (handwritten) *Buyer to pay sales comm. of $500.00.*
"(Signed) Thomas O. Smith<br>Purchaser

"(Signed) Inez L. Smith<br>Purchaser.

"Witness: R. H. Dixon (Signed)

"The above offer is hereby accepted on the terms and conditions outlined therein and I/we agree to pay Ladner & Company Real Estate Sales, Inc., a sales commission of _____% of the gross sales price. (A line with ink is drawn through the above.)

"Date _____    (Signed) S. C. Brutkiewicz, Jr.
              (Signed) Yseal B. Brutkiewicz."

(Emphasis supplied.)

The promissory note sued on was admitted in evidence at the instance of plaintiff. It is dated August 17, 1961.

Also, at the instance of defendants, the instrument containing the aforequoted provisions was admitted in evidence after proof of its authenticity by Mrs. Lavender, a witness for plaintiff. The defendants offered no witnesses.

Mrs. Lavender testified that she was bookkeeper and office manager of plaintiff. She also testified:

"Q. You know, to your own personal knowledge what this $400 promissory note was signed for?

"A. Yes Sir.

"Q. What was it given for by the Smiths to Ladner & Company?

"A. For the balance of the commission to Ladner & Company.

"Q. Was that commission due with respect to #12 Montgomery Avenue?

"A. Yes Sir.

*    *    *    *    *    *

"Q. Mrs. Lavender do the books, records and accounts of Ladner & Company indicate that you received a closing statement on 12 Montgomery Avenue?

"A. Yes.

"Q. And at the same time you received this, did you receive this promissory note?

"A. Yes.

(RECROSS EXAMINATION)

"Q. What is the date of the closing statement?

"A. The date of the closing statement was August 24th.

*    *    *    *    *    *

"Q. Can you tell me whether or not, of your own knowledge, whether the Brutkiewiczs accepted the offer made within three days from the date of that offer.

"A. No Sir."

It is the contention of appellant that appellees did not make a down payment on the house out of which it was to get its commission for selling the property for the owners; that the promissory note was given in part for the commission to which plaintiff was entitled; that credit therefor was given on the purchase price. We think the instrument aforequoted and other evidence tend to support this contention. The witness, Mrs. Lavender, was interrupted in her efforts to state the transaction.

It is the contention of defendants by plea properly filed that there was no consideration for the note; that the written instrument was an offer to purchase and was not accepted within the prescribed period of three days; that without the acceptance of this offer as embodied in the instrument, the consideration for the note failed; that the offer, not having been accepted in writing within three days, became null and void.

As pointed out above, Mrs. Lavender testified that the books and records of appellant showed that her employer received a closing statement along with the promissory note, which is dated two days after the written offer was signed. The closing statement was dated August 24.

The appellees could waive the provision that the offer would become null and void if not accepted in writing within three days from the date of the instrument. The jury could have drawn a reasonable inference from the evidence that the offer was ac-

cepted within the time or that the limitation was waived by appellees. This from signatures of all parties to the instrument, the date of the note, its execution and delivery, and the testimony of Mrs. Lavender that plaintiff received a closing statement along with the note.

■ However, the duty was on defendants to prove that the offer became null and void by inaction of the parties. We held in Gates v. Morton Hardware Company, 146 Ala. 692(12), 40 So. 509(12), that a note sued on is prima facie evidence of sufficient consideration for the execution thereof, and the burden of proof is on the defendant to show there was no consideration.

■ If appellees are lawfully correct in their contention that the consideration of the note here in suit is dependent on timely acceptance of the offer, we think the burden was on them to show that the negotiations did not without their fault ripen into a contract of sale between them and the sellers, Mr. and Mrs. Brutkiewicz, and thereby relieve them from paying the commission mentioned in the written instrument in evidence and incorporated in the promissory note. The record before us is lacking in such proof.

We conclude that the verdict of the jury (even though directed) was not supported by the evidence, and that the trial court committed reversible error in overruling appellant's motion for a new trial.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. Simmons Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.