172 So.2d 784

**Margaret M. McPHERSON**

**v.**

**Elbert Ernest EVERETT et al.**

**1 Div. 183.**

Supreme Court of Alabama.

March 11, 1965.

Caffey, Gallalee & Caffey, and Ralph P. Loveless, Mobile, for appellant.

**520**

M. A. Marsal· and Howell, Johnston & Langford, Mobile, for appellees.

HARWOOD, Justice.

In the proceedings below the appellant, Mrs. Margaret M. McPherson, filed a bill in equity seeking to set aside a conveyance of real property by Elbert Ernest Everett and his wife, Lodica, to Samuel J. Everett and Ouida E. Everett. The grantees were the parents of Elbert Ernest Everett. The bill averred that the conveyance had been made with intent to defraud the creditors of Elbert Ernest Everett, of whom the appellant was one of such creditors.

The respondents' demurrer to the bill being overruled, they filed their answer setting up that although a conveyance of the property by his parents to Elbert Ernest Everett had been recorded, the deed had never been delivered to him and therefore the title to the property had never vested in him, and further that the consideration for this conveyance had never been paid, and therefore his parents had secured a deed back from him.

Subsequent to the filing of the bill, Elbert Ernest Everett filed bankruptcy proceedings and moved to stay this proceeding pending the bankruptcy proceedings. The Trustee in bankruptcy being granted leave to intervene, this motion was denied. Thereafter the Trustee intervened as a complainant seeking to have the conveyance set aside, and as to this petition decrees pro confesso were taken against the respondents.

The original bill of complaint was amended to show that a different and pending suit by complainant against Elbert Ernest Everett had been taken to final decree, the lien resulting therefrom foreclosed, but leaving a balance due on the decree of $2,733.27 plus interest, and the decree pro confesso obtained by the Trustee was set aside.

The respondents filed their answer to the complaint as amended, and to the intervention bill.

The respondents, Elbert Ernest Everett and Lodica Everett, also filed the following paper:

"Comes now the respondents, Elbert Ernest Everett and Lodica Everett, his wife, and files this their cross-bill and show unto the Court that in the event the Court is of the opinion and sets aside the conveyance of the subject property, that this Honorable Court will set apart this property as exempt from levy or execution under the laws of the State of Alabama, said property being three acres and not exceeding the value of two thousand dollars, and grant to your cross-complainants all fit and proper relief that they might be entitled to receive."

This pleading was challenged by demurrer, and motions to strike filed by the complainant and intervenor, which were denied and overruled by the court. Upon answers being filed by the complainant and intervenor, the cause was continued for further pleading and for evidence to be submitted to the court touching the value of the property, or such evidence as may be relevant to the cause.

After hearing the evidence the court entered its decree denying the complainant and the intervenor relief, and finding and decreeing that the property that had been conveyed was not subject to the creditor's claims inasmuch as it was less than 160 acres in area, and was worth less than $2,000.

The most material points raised on this appeal by the appellants' various assignments of error are, (1) that the trial court erred in overruling appellants' demurrer to the "cross-bill" filed by the appellants and in denying their motion to strike the same, and (2) that the court erred in entering its decree in that the evidence was insufficient to support its findings that the property in question was worth less than $2,000 at the time of the conveyance, and the appellees were thereby allowed a defense they did not properly plead.

Section 625, Title 7, Code of Alabama 1940, provides that the homestead of every resident of this state, not exceeding in value of $2,000, and in area of 160 acres, shall be exempt from levy and sale under execution for the collection of debts during his life and occupancy.

Section 633, Title 7, Code of Alabama 1940, provides that a resident desiring to claim a homestead exemption may at any time make and file in the appropriate probate office a declaration in writing, subscribed and sworn to by him, describing the property selected by him and claimed as exempt, with its value.

■ The homestead laws are to be liberally construed to the end of advancing their beneficial objects, by giving effect to the manifest purpose of the constitution makers and of the legislature in conferring these rights. Lewis v. Lewis, 201 Ala. 112, 77 So. 406.

■ The matters alleged in the so-called "cross-bill" grew out of the original bill. If the land in question was in fact the homestead of the respondents, Elbert Ernest Everett and Lodica Everett, and exempt from levy and sale, such fact was available by way of answer and proof, or due claim of exemption before sale under execution. Majors v. Killian, 230 Ala. 531, 162 So. 289, and cases cited therein. And as stated in Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308:

"* * * In keeping with this policy, it has been held, that though the statutes make no provision for such a claim or contest, in a court of chancery, yet, the right being clear and of constitutional guaranty, that court will grant relief in such cases coming before it, according to its own peculiar methods. The right must not be denied on any technical or unsubstantial ground. Tonsmere v. Buckland, 88 Ala. [312] 314, 6 South. 904."

Admittedly the pleading labeled a "cross-bill" is faulty as a cross-bill. However, it presents matters available by answer. In 1954, Equity Rule 26 was amended by adding the following sentence:

"And such cross-bill will not be subject to objections or demurrer on the ground that the relief sought in it is available in that suit without a cross-bill, if the relief. is such as that it is enforceable in equity, and such cross-bill must be retained and a trial had · on it although the original bill may be dismissed or relief on it is denied."

The above amendment necessitates the conclusion that error to reversal did not result from the court's action in overruling the demurrer to the "cross-bill" nor in denying the motions to strike the same.

There is no conflict in the evidence that the property had been occupied by Elbert Ernest Everett and his wife Lodica as a homestead for a long number of years or that the property was less than 160 acres, all the evidence showing it to be less than four acres.

As to the value of the property, the respondents' evidence tended to show the value of the property to be $1,800, while appellant's witness gave as his opinion that the property was worth about $3,000 in 1960. The deed in question was dated 1 June 1960.

■ These conflicts in the evidence merely raised a question of fact within the province of the court to resolve, the court sitting without a jury.

■■ Where the evidence is given ore tenus, the judgment of the trial court has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably wrong, and a reviewing court will not substitute its own judgment for .that of the trier of facts, even though such court might have reached a different conclusion. There being evidence reasonably tending to support the trial court's conclusions, (Kyser

v. Doan, 271 Ala. 229, 122 So.2d 764), we find no basis for disturbing its judgment based on the conclusions reached. Appellant's second point of contention is therefore without merit.

This judgment is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.