192 So.2d 443

**Annie Mae SMITH**

v.

**STATE of Alabama.**

**3 Div. 171.**

Supreme Court of Alabama.

Oct. 27, 1966.

Rehearing Denied Dec. 8, 1966.

1. Ante p. 71.

242

Gray & Seay, Montgomery, Jack Greenberg and Chas. H. Jones, Jr., New York City, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

### PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Montgomery County, Family Relations Division, adjudging appellant, a minor, to be a delinquent child and committing her to detention in the Juvenile Detention for a period of thirty days.

The Family Relations Division of the Circuit Court of Montgomery County was created by Act. No. 250, Acts of 1959, Vol. 1, p. 810, and is presided over by a circuit judge whose office was created by said Act, supra.

Section 7 of the Act, supra, provides:

"Proceedings in the hearing of cases of dependent, neglected, or delinquent children in the family relations division of the circuit court shall be in conformity with the provisions of Chapter 7 of Title 13 of the 1940 Code of Alabama, except as herein otherwise provided. * * * Appeals from the decisions and orders of the judge of the family relations division of the circuit court shall lie directly to the Supreme Court of Alabama or Court of Appeals in the same manner as

appeals from the orders and decisions of other circuit judges of the State of Alabama."

Section 5(c) of the Act directs the judge to appoint a court reporter for such division of the court. We do not find in the record before us a transcript of the evidence taken at the trial in the circuit court. One of the grounds of appellant's verified motion for a rehearing, which was overruled and here assigned as error, is that the trial court erred in failing to comply with the amendatory provisions of Equity Rule 56, Title 7, Appendix, Code of 1940. This rule requires the trial court to order the court reporter to take down oral testimony in equity cases. The motion was overruled without any modification of the final decree.

The ruling on a motion for rehearing is not reviewable on appeal unless the decree thereby has been modified. Equity Rule 62, Title 7, Appendix, Code 1940; Valenzuela v. Sellers, 253 Ala. 142, 43 So. 2d 121; Bronson v. Youngblood, 276 Ala. 14, 158 So.2d 656; Vol. 2A Alabama Digest, Appeal & Error, ☞870(6). Therefore, it is important to an infant being tried in the Family Relations Division, supra, for juvenile delinquency that the evidence be reported by a competent person, to the end that such evidence may be included in the transcript should an appeal be taken as authorized by Act 250, § 7, supra. Appellant's attorney complains in his brief incident to this appeal that the evidence was not reported. We cannot tell from the record before us whether it was or not.

We now advert seriatim to the assignments of error that are argued:

Assignment of Error No. 3 contends that the trial court erred in taking jurisdiction of the cause in that traffic offenses by a juvenile are exempted from supervision in the Family Relations Division of the Circuit Court of Montgomery County unless there is a prior showing that

such juvenile is a "chronic" violator of traffic laws.

The decree of the trial court, dated at Montgomery on November 12, 1964, reads as follows:

"This matter coming on to be heard on Petition to Adjudge Annie Mae Smith a delinquent child; and after hearing the same, the undersigned Judge being of the opinion that said Petition should be granted it is, therefore,

"ORDERED, ADJUDGED AND DECREED that the said Annie Mae Smith is a delinquent child and she is hereby committed to detention in the Juvenile Detention of Montgomery County, Alabama for a period of 30 days."

There being no transcription of the evidence in the record before us, we are unable to say whether any or all of the charges appearing in the petition or complaint, filed by J. H. Robinson, were supported by evidence. The charge of truancy, parading without a permit, and refusing to obey a police officer's order, all appearing in the petition, might have been properly supported by evidence. No challenge was made in the trial court as to the legal sufficiency of the charges made in the petition.

Where there is no transcript of the evidence in the record, as here, there is nothing for this court to review in the matter of the sufficiency of the evidence to support the judgment. Bonds v. Cooke & Wood Construction Co., 37 Ala.App. 580, 72 So.2d 856; Brandenberg v. Sovereign Camp, W.O.W., 210 Ala. 380, 98 So. 126; 2 Alabama Digest, Appeal & Error, ☞706 (5), 712.

Assignment of Error No. 4 challenges the jurisdiction of the trial court because there was no showing that such minor (appellant) was an "habitual truant." We cannot act favorably on this assignment because there is no transcript of the evidence appearing in the record. Bonds v. Cooke & Wood Construction Co., supra; 2 Alabama Digest, supra.

Assignment of Error No. 6 complains that the decree of the trial court was illegal and erroneous in that it was rendered in violation of appellant's right to freedom of speech, freedom of assembly and the right to petition for redress of grievances secured by the First Amendment to the Constitution of the United States and made binding by the Fourteenth Amendment to the Constitution of the United States.

■ As we have already pointed out, appellant was tried on a petition or complaint with three different charges of delinquency. The trial court adjudged the appellant to be a delinquent child and committed her to detention. This judgment was referable to either or all of the charges embraced in the petition which were supported by the evidence. There is no transcript of the evidence in the record here on appeal. We therefore cannot review the correctness of the adjudication, nor are we able to say to which charge the decree was referable.

■ We advert to Assignment of Error No. 10, which asserts that the detention judgment of the trial court was illegal and erroneous in that said decree was based on charges other than those preferred against appellant in the petition, thus denying appellant due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Again, we cannot determine the merits of this assignment for the reason that the record by which this court is bound does not contain a transcript of the evidence. We are unable to tell what occurred in the trial court except as reflected by the record.

The above applies to Assignment of Error No. 11, which asserts that:

"The Order of the Court adjudging Appellant to be a delinquent child and committing Appellant to detention was illegal and erroneous in that said Order was based on charges other than the charge preferred against Appellant in the Petition; thus said Order denied Appellant due process of law as guaranteed by the *Constitution of Alabama (1901) Declaration of Rights, Article 1, Section, 6.*"

■ With respect to Assignments of Error Nos. 19 and 20, which complain the procedure in the Juvenile Court which denied appellant the right to a public trial before a jury violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, we do not find in the record where a ruling of the trial court was invoked by assertion therein of the grounds specified in these assignments of error. The point was not raised.

This court on appeal will not consider constitutional questions not raised below. Alabama Brokerage Co. v. Boston, 18 Ala. App. 495, 93 So. 289, cert. denied, Ex parte Alabama Brokerage Co., 208 Ala. 242, 94 So. 87; Hubbard v. Cornutt, 278 Ala. 512, 179 So.2d 90; Vol. 2, Alabama Digest, Appeal & Error, ☞170(2).

Since we find no prejudicial error in the record before us, the decree of delinquency is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.