208 So.2d 87

**FLINTKOTE COMPANY**

**v.**

**Jack F. GRIMES et al.**

**8 Div. 285.**

Supreme Court of Alabama.

March 7, 1968.

Humphrey, Lutz & Smith, Huntsville, for appellant.

**708**

Camp, Page, Williams, Utsey & Spurrier, Huntsville, for appellees.

MERRILL, Justice.

Appellant sued appellees on a demand note which appellees had executed to appellant on October 6, 1964. Judgment was in favor of appellees, and after its motion for a new trial was overruled, appellant appealed.

Appellee, Jack F. Grimes, owned fifty-one percent of the stock in North Alabama Building Supply, Inc., a corporation, which owed appellant $17,617.80 on open account. On October 6, 1964, appellees, Jack F. Grimes and his wife, made a promissory note for the same $17,617.80 to appellant payable on demand. Thereafter, payments were made on the note reducing the principal amount to $15,355.51.

On September 21, 1965, separate suits were filed against the corporation on the open account and against appellees as individuals on the note. A judgment was later entered against the corporation in the sum of $16,583.95, plus court costs.

The cause was heard by the trial court without a jury. The issue there, as here, was whether or not there was consideration for the note.

Appellant contends that the consideration was its agreement "to extend time for payment for a period of six months, within which time the appellant expected substantial payment to be made."

■ A note sued on is prima facie evidence of sufficient consideration for the execution thereof, and the burden of proof is on the defendant to show there was no consideration. Ladner & Company Real Estate Sales, Inc. v. Smith, 277 Ala. 185, 168 So.2d 217; Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509.

Appellant's only witness admitted that no funds were advanced to appellees for the execution of the note.

■ Generally, there is sufficient consideration for a note if there is a benefit or advantage to the promisor or a loss, detri-

ment or inconvenience to the promisee. Skipper v. Wright & Colquett, 30 Ala.App. 409, 6 So.2d 896.

The trial court gave no reason for its holding, but we think it could be supported because it was a demand note or on a question of fact.

■ A note payable on demand is due immediately after delivery, without further notice or demand. And it is not permissible to vary the terms of the note, to the extent that it fixes the maturity, by a verbal contemporaneous agreement. Jackson v. Sample, 234 Ala. 75, 173 So. 510, and cases there cited.

■ The promisors, appellees, received no benefit by signing the note. It could be sued on immediately. They sustained a detriment in that they incurred a debt which, prior to their execution of the note, could not have been enforced against them. There was no way appellees could have forced appellant to forbear collection on the demand note. In Sweeney v. Bixler, 69 Ala. 539, this court, in speaking of a note due one day after date and secured by a mortgage, said:

"We do not consider there was any extension of the debt in this case, in the sense which will constitute Bixler a purchaser, as against Sweeney's latent right to the property. True the note was made payable one day after date. That is the usual form observed in closing accounts, and in taking notes, evidencing a present indebtedness. We can not suppose the parties intended by this, either a benefit to Smith, the promisor, or any detriment to Bixler, the promisee. The extension of time within which the mortgage might be foreclosed, was no suspension of the right to collect the debt."

■ The holding of the trial court could, as we have already said, be justified on a question of fact. There were only two witnesses. Appellant's one witness, their credit manager, did testify that the consideration for the note was appellant's promise to grant an extension of six months to North Alabama Building Supply Company on its debt; but he also stated that it was his understanding that they could file suit any day on the demand note, whether or not appellees had made substantial payments on the debt.

Appellee Jack F. Grimes was the only witness for the defense. He said appellant promised him some time if he and his wife would execute the note, but no definite time was set and he categorically denied that he gave the note "for some additional time."

Thus, a conflict in the evidence was created, and if the trial court chose to believe witness Grimes, and disbelieve the credit manager, there was no consideration for the note.

■ The decision of the trial court on the facts in a nonjury case has the effect of the verdict of the jury. National Security Insurance Company v. Elliott, 276 Ala. 353, 162 So.2d 449. Where the evidence is ore tenus, and is conflicting, the decision of the trial court will not be disturbed on appeal unless plainly and palpably wrong, and a reviewing court will not substitute its own judgment for that of the trier of facts, even though such court might have reached a different conclusion. McPherson v. Everett, 277 Ala. 519, 172 So.2d 784. We find no basis for disturbing the court's judgment based on the conclusions reached.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.