275 So.2d 645

**Nannie Lee HOWARD**

v.

**James R. PIKE.**

SC 150.

Supreme Court of Alabama.

April 5, 1973.

Butler & Potter, Huntsville, for appellant.

215

Martinson, Manning & Martinson, Huntsville, for appellee.

BLOODWORTH, Justice.

This is an action in ejectment brought by appellant against appellee to recover a tract of land located in Madison County, Alabama, and damages for the detention thereof. As the parties occupy the same position on this appeal as they did in the trial court, we will refer to appellant as plaintiff and to appellee as defendant. After hearing the cause ore tenus, the trial court found in favor of the defendant but made no findings of fact.

Plaintiff claims to be the niece and legal heir of Willie B. Howard, who died seized and possessed of the land which is the subject of this suit. According to the testimony, Willie B. Howard died intestate, leaving a widow but no surviving children, no

mother or father and no sisters or brothers entitled to inherit. Plaintiff's contention is that she is the only child of George L. Howard, deceased, the brother of Willie B. Howard. Defendant purchased the land from the widow of Willie B. Howard for $18,500.

Plaintiff asserts that she is the legitimate daughter of George L. and Ida Howard, being the offspring of their valid common law marriage or, alternatively, that she was legitimized by their ceremonial marriage which took place in 1941.

First, we consider plaintiff's contention that she is the legitimate daughter of George L. and Ida Howard, being the offspring of a valid common law marriage between them. A resolution of this issue in plaintiff's favor would have prompted a finding for her.

The evidence with regard to this issue was in conflict, with plaintiff's witnesses testifying that George L. and Ida Howard lived together and held themselves out to the public as man and wife at the time of plaintiff's birth in 1915, and defendant's witnesses testifying to the contrary.

In Flintkote Co. v. Grimes, 281 Ala. 707, 208 So.2d 87 (1968), this court stated our rule of long standing:

"The decision of the trial court on the facts in a nonjury case has the effect of the verdict of the jury. National Security Insurance Company v. Elliott, 276 Ala. 353, 162 So.2d 449. Where the evidence is ore tenus, and is conflicting, the decision of the trial court will not be disturbed on appeal unless plainly and palpably wrong, and a reviewing court will not substitute its own judgment for that of the trier of facts, even though such court might have reached a different conclusion. McPherson v. Everett, 277 Ala. 519, 172 So.2d 784. * * *"

■ Since the testimony with regard to the validity of the common law marriage was in conflict and the evidence taken ore tenus with the trial judge hearing and observing the witnesses as they testified, we will not disturb his ruling nor will we substitute our judgment for his on this issue. Flintkote Co. v. Grimes, supra.

Plaintiff contends that even if she was not legitimate at the time of her birth, she was legitimized by a subsequent ceremonial marriage entered into by George L. and Ida Howard in 1941. On the other hand, defendant insists that no valid ceremonial marriage could have taken place between George L. and Ida Howard, because at the time of the ceremonial marriage, Ida Howard was still married to Willie James Davis, whom she had married in 1918, and from whom she has not been divorced.

■ Of course, Ida Howard could not have entered into a marriage with George L. Howard if she were still married to Willie James Davis, for:

"A woman can have but one lawful husband living, and so long as he is alive and the marriage bond remains in full force, all her subsequent marriages, whether meretricious or founded in mistake and at the time supposed to be lawful, are utterly null and void. Sloss-Sheffield Steel & Iron Co. v. Watford, 245 Ala. 425, 17 So.2d 166; Bell v. Tennessee Coal, Iron & R. R. Co., 240 Ala. 422, 199 So. 813." Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135 (1953).

Title 27, § 10, Code of Alabama 1940, provides for legitimation by marriage as follows:

"The marriage of the mother and reputed father of a bastard child renders it legitimate, if recognized by the father as his child."

■ Recognition by the father of the child as his own is indispensable and is shown by the manner of treatment. Moore v. Terry, 220 Ala. 47, 124 So. 80 (1929). Recognition must be "unambiguous and clear in its character." Martin v. Martin, 233 Ala. 310, 171 So. 734 (1937).

Plaintiff asserts that the record is clear that George L. Howard recognized plaintiff as his daughter and that the "record is replete with evidence of such recognition." We do not find the record to be replete with evidence of such recognition. Nor, as we view the evidence, is it "unambiguous and clear" that George L. Howard recognized plaintiff as his daughter. Since there were no findings by the trial court, we do not know whether it rested its decision on a resolution of this issue or not. We do think there is evidence, or legitimate tendencies therefrom, which would justify the conclusion under our rules that the plaintiff was not recognized by her reputed father as his child.

While it may not be necessary that we answer defendant's contention that Ida Howard was still married to Willie James Davis at the time of her ceremonial marriage to George L. Howard in 1941, and therefore could not enter into a valid marriage with George L. Howard so as to bring the statute (Title 27, § 10, supra) into play, we hold that there was evidence, and legitimate inferences therefrom, sufficient to justify such a conclusion.

There arises in this case the presumption that the prior marriage of Ida Howard and Willie James Davis was dissolved by divorce. Jordan v. Copeland, 272 Ala. 336, 131 So.2d 696 (1961). Plaintiff contends that this presumption was not overcome.

It has been held by this court:

"There are no absolute presumptions of the dissolution of the first marriage state 'in order to establish the innocence of the other party to a subsequent marriage'. In each case the question is one of fact 'to be determined like any other question of fact, upon * * * the attending facts and circumstances, and such inferences as fairly and reasonably flow therefrom.' Fuquay v. State, 217 Ala. 4, 114 So. 898, 902." Dorsey v. Dorsey, 259 Ala. 220, 66 So.2d 135 (1953).

This court stated in Jordan v. Copeland, supra, that:

"The law casts a strict burden on appellee to prove a negative, * * *. The testimony of the parties, not properly supported by evidence as to the divorce records in the various jurisdictions in which a decree could be rendered, is usually treated as not sufficient to overcome the presumption. Ashley v. Ashley, 255 Ala. 313, 319, 51 So.2d 239. However, such record evidence of nondivorce has not been regarded as an indispensable element of such proof in every case. * * *"

The following from Bell v. Tennessee Coal, Iron & R. Co., 240 Ala. 422, 199 So. 813 (1941), was quoted with approval:

"* * * 'The presumption of the dissolution of a prior marriage, whether by death or divorce, should be indulged with caution. We apprehend that such presumptions sometimes have been made with very little justification. A rule of law which allows an artificial or technical force to be given evidence which warrants such presumptions, beyond its natural tendencies to convince the mind, and requires courts and juries to presume as true that which is false, cannot but be fraught with dangerous consequences. In case there is a conflict of presumptions, it would appear more reasonable that that one should yield which has the least probability to sustain it, rather than that the one in favor of innocence and of the validity of the subsequent marriage should prevail.' "

In the case at bar, Ida Howard testified that she never filed any divorce suit against Willie James Davis. Willie James Davis testified that he filed only one divorce action against Ida Howard, and that in Madison County. Defendant's Exhibit O was a trial docket sheet of the Madison County Circuit Court, in Equity, which revealed that case number 1143 was a divorce action brought by Willie James Davis against Ida Davis, which was dismissed

without prejudice on May 20, 1921, for want of prosecution.

In Jordan v. Copeland, supra, we held that:

"The presumption of an innocent second marriage is overcome when the circumstances require a reasonable inference to the contrary. * * *"

Similar evidence was held sufficient to overcome the presumption in James v. James, 260 Ala. 511, 71 So.2d 62 (1954), and in Bell v. Tennessee Coal, Iron & R. Co., supra.

Therefore, we hold that there was sufficient evidence in this case from which it could have concluded that the presumption of the innocent second marriage was overcome.

Plaintiff asserts as error the striking and excluding of the answer of Ida Howard to the following question:

"Q. And was he the father of this child?

"A. He was the father, that's right."

In State v. Giles, 41 Ala.App. 363, 133 So.2d 62 (1961), the Court of Appeals held (per Harwood, P. J.) :

"To permit the prosecutrix to testify as to who is the father of her child is invasive of the province of the jury, or of the court in event the case is tried without a jury, and is in effect a conclusionary statement of the very issue to be determined by the jury, or the court, as the case may be. Such evidence therefore should not be permitted."

■ The very issue to be determined in a bastardy proceeding is the paternity of the child. Here, one of the chief issues was the paternity of Nannie Lee Howard. Therefore, the same rationale leading to the holding in State v. Giles, supra, would obtain here. It was not error to exclude Ida Howard's answer to the above question.

■ Moreover, Ida Howard (mother of plaintiff) testified that she had had sexual relations with no person other than George L. Howard prior to the birth of the plaintiff, and this was in no wise contradicted by the defendant. Thus, error, if any, in excluding the above answer, was error without injury in view of this evidence by the mother as to plaintiff's paternity.

■ Finally, plaintiff contends that Title 16, § 7, Code of Alabama 1940, is unconstitutional in that it violates the Equal Protection Clause of the 14th Amendment to the United States Constitution. This contention is made for the first time on this appeal. This court on appeal will not consider constitutional questions which were not raised in the court below. Smith v. State, 280 Ala. 241, 192 So.2d 443 (1966) ; Riley v. Smyer, 265 Ala. 475, 91 So.2d 820 (1957).

In view of the conclusions which we have reached, the judgment of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.