BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, a non-indigent, was indicted for transporting five gallons or more of prohibited liquors or beverages. A jury returned a verdict of guilty. The trial court fixed punishment at two years.
The alleged transportation was prohibited by T. 29, § 187, Code of Alabama 1940, Recompiled 1958. Such transportation is a felony. T. 29, § 187, supra.
The above section, with § 93 (defining prohibited liquors and beverage), and § 98 (making the sale, possession, etc., unlawful), appear in T. 29, Code of Alabama 1940, Recompiled 1958. These sections are in full force and effect in dry counties, of which DeKalb County is one. Williams v. State, 28 Ala.App. 73, 179 So. 915, cert. den. 235 Ala. 520, 179 So. 920; Holt v. State, 238 Ala. 2, 193 So. 89.
It appears from the evidence that a police officer was driving his automobile and followed defendant and another intervening automobile to a parking area behind a building occupied by defendant in the operation of Ed’s Country Club, Inc., a corporation. Defendant was a majority stockholder and was in charge of the operation. This building was an assembling place for individuals who became members on approval and payment of $15.00 membership fee.
We think the evidence plainly supports the charge that defendant was transporting the prohibited beverages as charged in the indictment. It appears that more officers (sheriff and deputies whom the police officer called to the scene) obtained the permission of defendant to search the automobile used to transport the beverages. The officers told defendant that they did not have a search warrant, but would get one. De *667 fendant consented for the search to be made without a search warrant. The seizure thereupon was made of five to six gallons of prohibited beverages.
I
Defendant contends that the parking area, adjacent to the club building, was not a public place, “. . . but were the grounds of a private organization for members only and akin to a private home and (2) persons, not places, are protected by the Fourth Amendment.”
We further quote from appellant’s brief:
“Ed’s Country Club was a place where members could associate without the admittance of the public at large. (R. 125-27; R. 40; R. 80) Membership was limited and not just anyone could enter the grounds of the country club. Ed’s Country Club was a home away from home for its members and was more akin to a private home than it was a public business. See U. S. v. Zarra, 258 F.Supp. 713 (D.C.Pa.). In 17. S. v. Zarra, supra, it was held that a person’s private office is within the word “home” in the Fourth Amendment. A private social club would be even more a (sic) analogous to a home and would therefore be entitled to the protection of its curtilage even under the old legal concept.”
This court in Whistenant v. State, 50 Ala.App. 182, 278 So.2d 183, cert. den. 291 Ala. 802, 278 So.2d 198, quotes from Justice Harlan’s concurring opinion in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, as follows:
“ ‘As the Court’s opinion states, “the Fourth Amendment protects people, not places.” The question, however, is what protection it affords to those people. Generally, as here, the answer to that question requires reference to a “place.” My understanding of the rule that has emerged from prior decisions is that there is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as “reasonable.”
Thus a man’s home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the “plain view” of outsiders are not “protected” because no intention to keep them to himself has been exhibited. On the other hand, conversations in the open would not be protected against being overheard, for the expectation of privacy under the circumstances would be unreasonable. Cf. Hester v. United States, supra.’ ”
Whatever rights and expectations of privacy the defendant had with reference to the motor vehicle were waived by consent to the search. There was no effort made to search the land upon which the officers had entered.
The excerpt below taken from Hester v. United States, 265 U.S. 57 at page 58, 44 S.Ct. 445, at page 446, 68 L.Ed. 898, has application here.
“It is obvious that even if there had been a trespass, the above testimony was not obtained by an illegal search or seizure.”
In the instant case the evidence, namely, the beverages, allegedly transported, was obtained by lawful search and seizure made so by the consent of defendant.
We fail to see how an open parking area as here involved, adjacent to a so called private club, could afford lawful privacy as indicated in Katz v. United States, supra. As we view the record the club facilities were nothing more than a place to dance, drink, and frolic. We do not think selected rhetoric, and the fact of incorporation, disguise the activities of the social activities there obtainable. For aught appearing in the record, the $15.00 membership fee, if enforced, served no good purpose other than to enrich the coffers of defendant.
II
Appellant next asserts that he was denied his constitutional right of due process because the judge of the circuit court in which he was tried was dependent for his pay on costs assessed and collected. Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749.
*668 But no constitutional issue asserting this contention was raised or considered in the trial court. This court will not consider constitutional questions which were not raised in the court below. Howard v. Pike, 290 Ala. 213, 275 So.2d 645. For other cases see Vol. 2, Ala. Digest — Appeal and Error, § 170(1), (2).
We fail to find any of the rulings of the trial that justify a reversal of the judgment of conviction. The judgment is therefore affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.