EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal arose from proceedings brought by an administratrix to ascertain who were the lawful heirs and widow of Herman Murphy, deceased, so as to enable the administratrix to properly distribute the estate of $5,000, received from a wrongful death action for her intestate’s death.
For appeal purposes the parties reached an agreed statement of the facts pursuant to A.R.A.P. Rule 10(e). It was approved by the trial court. The portions of the agreed facts which are pertinent to this decision are as follows:
“1. Herman Murphy, deceased, departed this life intestate on or about April 9, 1979, leaving an estate of Five Thousand and.00/100 Dollars ($5,000.00) cash....
“5. That Mary Murphy filed a petition with the Probate Court to be appointed as Administratrix de Bonis Non and was issued Letters of Administration on November 21, 1980.
“6. The following claims were made against the estate:
“a. Marguarite Strickland claimed a widow’s portion of the estate of Herman Murphy.
“b. Terrie Victoria Murphy, a child of Marguarite Strickland, claimed to be the child of Herman Murphy and thus deserving of a child’s portion of his estate.
*1286 “c. Lynda Murphy claimed a widow’s portion of the estate of Herman Murphy.
“d. Melissa Ann Murphy, child of Patricia Murphy, claimed to be the child of Herman Murphy, deceased, and thus a child’s portion of his estate....
“9. A hearing in this cause was held ... wherein the following facts were established by documentary evidence as well as testimony:
“a. Lynda Murphy was found to be the lawful widow of Herman Murphy, deceased, and entitled to a widow’s share of the estate.
“b. Marguarite Strickland was found not to be the widow of Herman Murphy, deceased, or to ever have been the wife of said decedent.
“c. Melissa Ann Murphy was found to be a legitimate minor daughter of Herman Murphy, deceased, and entitled to a child’s share.
“d. It was established that Terrie Victoria Murphy was the illegitimate daughter of Herman Murphy and Mar-guarite Strickland.
“e. It was established that Herman Murphy had publicly recognized Terrie Victoria Murphy as his child during his lifetime, but had never married her mother, nor had he filed a written declaration with the probate judge as provided by Code of Alabama 1975, § 26-11-2, nor had there ever been a judicial determination of paternity prior to his death.
“f. An objection was made by the Guardian ad Litem of Melissa Ann Murphy, to the Court allowing an illegitimate child to take in this matter when she had not been legitimated pri- or to the death of her father by any of the three methods available in Alabama. He based his motion on Ever-age v. Gibson, et a1. 372 So.2d 829.
“g. The Guardian’s objection was overruled by the court in that the child had been recognized.
“h. The estate of Herman Murphy, deceased, consists of Five Thousand and .00/100 Dollars ($5,000.00) in cash.
“i. All parties were properly before the court and jurisdiction was properly invoked.
“10. An order was signed by the Judge dated June 16,1981, giving to Lynda Murphy a widow’s interest, Melissa Ann Murphy, a child’s share, and Terrie Victoria Murphy, a child’s share.”
The guardian ad litem for Melissa Ann Murphy, the legitimate child, has appealed and contends that such evidence was inadequate to allow the illegitimate child, Terrie Victoria Murphy (Terrie) to inherit from Herman Murphy. We agree and reverse.
In the recent leading case of Everage v. Gibson, 372 So.2d 829 (Ala.1979), cert. denied, 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980), a judgment was affirmed which determined that an illegitimate child had no interest in her purported father’s estate and was not entitled to any of the proceeds therefrom. It was therein stated as follows:
“We have concluded that there are three situations in Alabama in which a child born out of wedlock may inherit from his intestate father, short of having been adopted by the father. In the first, the child is ‘legitimated’ by the marriage of the parents and recognition of the child by the father as his own. Code 1975, § 26-11-1. Recognition must be unambiguous and clear in its character. Howard v. Pike, 290 Ala. 213, 275 So.2d 645 (1973).
“In the second, the child is ‘legitimated’ by the father’s written declaration, attested by two witnesses, which is filed in the office of the probate judge. Code 1975, § 26-11-2.
“4. The third situation is a ‘judicial determination of paternity.’ Code 1975, §§ 26-12-1 et seq....
“In the instant cause, the record discloses no proof of either of the first two alternatives, although both were viable subsisting legal methods of obtaining ‘legitimation’ during the intestate’s lifetime. There was no proof of a judicial determination of paternity obtained dur *1287 ing the intestate’s lifetime. The only proof offered was an attempt to show ‘recognition’ by the intestate.”
Here, there was neither a written, attested and filed declaration of legitimation nor a judicial determination of paternity. From the agreed statement of facts, it is clear that the learned trial court determined that Terri was entitled to take a child’s part on account of the recognition of the child by the alleged father as his own. However, under the first ground set forth in the Everage case, it was essential that there be proof that her parents married as well as proof of her recognition by Herman Murphy as being his daughter. Here, one element, the requisite marriage, did not occur. This case is in the identical posture as was the Everage case where “The only proof offered was an attempt to show ‘recognition’ by the intestate.” Everage v. Gibson, supra. Such proof alone was then declared to be insufficient to allow any inheritance from an intestate father by an illegitimate child. Accordingly, Terrie Victoria Murphy is not a lawful heir of Herman Murphy, has no interest in the estate of Herman Murphy, deceased, and cannot participate in any distributions of any of the assets of said estate.
We are required to reverse the judgment of the circuit court and to remand this case for the rendition of a judgment which complies herewith.
The guardian ad litem for Melissa Ann Murphy shall be paid the sum of $250 for his legal services for representing such infant on this appeal, the same to be paid out of the assets of the estate of Herman Murphy, deceased, after first deducting the widow’s net share therefrom.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.